**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**
**Grand Jury Sworn on January 8, 2016**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIMINAL NO. ____________** |
| **v.** | ) | **21 U.S.C. §§ 959(a), 960, 963 (Conspiracy to Distribute Five Kilograms or More of Cocaine Intending and Knowing the Cocaine Will be Unlawfully Imported into the United States)** |
| **HECTOR MAURICIO LOPEZ BONILLA, also known as "El M," "Pato," "El Arquitecto," and "La Hombre,"** | ) | **18 U.S.C. § 2 (Aiding and Abetting)** |
| | ) | **21 U.S.C. § 853**<br>**21 U.S.C. § 970**<br>**(Criminal Forfeiture)** |

**INDICTMENT**

**THE GRAND JURY CHARGES THAT:**

**COUNT ONE**

From in or about January 2010, and continuing thereafter, up to and including May 2015, both dates being approximate and inclusive, in the countries of Guatemala, the United States, and elsewhere, the Defendant, **HECTOR MAURICIO LOPEZ BONILLA, also known as "El M," "Pato," "El Arquitecto," and "La Hombre,"** together with others, both known and unknown to the Grand Jury, did knowingly and willfully conspire to distribute cocaine a Schedule II controlled substance, knowing and intending that such substance would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections

959(a); all in violation of Title 21, United States Code, Section 963 and Title 18, United States Code, Section 2.

With respect to the Defendant, the controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine in violation of Title 21, United States Code, Section 960(b)(1).

(Conspiracy to distribute 5 kilograms or more of cocaine for importation into the United States in violation of Title 21, United States Code, Sections 959(a), 960 and 963, and Title 18, United States Code, Section 2.)

## CRIMINAL FORFEITURE ALLEGATION

The United States hereby gives notice to the Defendant that upon conviction of the Title 21 offense alleged in Count One of this Indictment, the government will seek forfeiture in accordance with Title 21, United States Code, Sections 853 and 970, of all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the alleged Title 21 violation, and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense.

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the said Defendant up to the value of the above forfeitable property.

(Criminal Forfeiture, in violation of Title 21, United States Code, Sections 853 and 970.)

A True Bill.

______________________
Foreperson

Arthur G. Wyatt
Chief, Narcotic and Dangerous Drug Section
Criminal Division, U.S. Department of Justice
Washington, D.C. 20530

By:

Amanda N. Liskamm
Acting Deputy Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
145 N Street, NE
Washington, D.C. 20530
Amanda.Liskamm@usdoj.gov